IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY C. HANKINS,
                Plaintiff,

        v.                          CASE NO. 14-3053-SAC

LAMAR DELT,
et al.,
                Defendant.

### O R D E R

    This pro se civil action was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Winfield Correctional Facility, Winfield, Kansas. The court assesses an initial partial filing fee and finds that the complaint fails to state a federal constitutional violation. Plaintiff is given time to submit the initial fee and to show cause why this action should not be dismissed for failure to state a claim. If he fails to comply within the prescribed time this action may be dismissed without further notice.

### FILING FEE

    Plaintiff has filed a Motion to Proceed without Prepayment of Fees (Doc. 3) together with the requisite Inmate Account Statement for the appropriate six-month period in support. The fee for filing a civil complaint in federal court for one granted such leave is $350.00. Mr. Hankins is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not

relieve him of the obligation to pay the full amount of the filing fee. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account.[1]

Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of the civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit during the relevant time period was $ 43.39, and the average monthly balance was $ 8.18. The court therefore assesses an initial partial filing fee of $ 8.50, twenty percent of the average monthly deposit rounded to the lower half dollar. Plaintiff must pay this part fee before this action may proceed further. His failure to submit the fee within the prescribed time may result in dismissal of this action without further notice.

**ALLEGATIONS AND CLAIMS**

Plaintiff names as defendants Johnson County Department of Corrections Adult Residential Center (JCRC); Lamar Delt, JCRC employee; and Board of County Commissioners, Johnson County, Kansas.

---

[1] Under 28 U.S.C. § 1915(b)(2), the Finance Office of the facility where Mr. Hankins is confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in his institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

As the factual background for this complaint, plaintiff alleges the following. On November 8, 2010, he was "granted an appearance bond" in the District Court of Johnson County, Kansas, in his criminal case No. 10CR01589. As a condition of this bond, he was required to "remain at the Johnson County Department of Corrections Adult Residential Center" (JCRC) "throughout final disposition of his criminal case." He was "not ordered to pay any cost associated with his bond by the court." Defendant Delt required plaintiff to pay "rent and maintenance" to the JCRC at the daily rate of $13.00 per day from November 23, 2010 until plaintiff left on May 19, 2011. During this time frame, K.S.A. 22-2802(15) provided:

> The magistrate may order the person to pay for any costs associated with the supervision of the conditions of release of the appearance bond in an amount not to exceed $15 per week for such supervision.

An Amendment effective July 1, 2011, added the following sentence to subsection (15):

> As a condition of sentencing under K.S.A. 21-6604, and amendments thereto, the court may impose the full amount of any such costs in addition to the $15 per week, including, but not limited to, costs for treatment and evaluation under subsection (2).

Plaintiff paid the defendants as charged during this time.

Mr. Hankins claims that the "consumer charges for rent and maintenance of $13 per day" violated K.S.A. 22-2802, reasoning that they "were cost (sic) 'associated' with the plaintiff's bond" and "grossly exceeded" the limit of $15 per week. In addition, he claims

3

that these charges were "an illegal transaction" under "Chapter 50, article 6 of the Kansas Consumer Protection Act" (KCPA) and violated the KCPA, K.S.A. 50-623, et seq., as well as due process. He contends that each daily charge was an individual violation of the KCPA.[2] On this theory he seeks civil penalties under K.S.A. 50-636 "in the amount of $10,000 for each violation," and "economic damages" in the amount of $1,600,000 under K.S.A. 50-623 et seq.

**DISCUSSION**

It appears from the face of the complaint, that plaintiff's allegations taken as true fail to state a plausible claim for relief under 42 U.S.C. § 1983. "To state a claim for relief in an action brought under § 1983, [plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, (1999). To the extent that plaintiff "seeks relief for alleged violation of state statutes . . . , he has stated no cognizable claim under § 1983." *Trujillo v. Williams*, 465 F.3d 1210, 1214 n.

---

[2] Plaintiff claims that defendants were "suppliers" under the KCPA, who "in the ordinary course of business, solicited and enforced a consumer transaction with the plaintiff" and that he is an "aggrieved consumer." He additionally claims that the defendants violated the KCPA when the "consumer transaction" was entered into because there was no reasonable probability of payment by plaintiff/consumer; the transaction was "excessively one-sided" in favor of the suppliers; and the suppliers made misleading statements on which the plaintiff/consumer relied. The court expresses no opinion on the alleged state law violations.

4

2 (10th Cir. 2006)(citing *Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002)); see also *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The claims in the instant complaint are that state statutes were violated. An individual's right to have state laws strictly obeyed is not a federal right protected by the Constitution.[3] Questions regarding the interpretation or application of K.S.A. 22-2802 and amendments thereto as well as the legal effect of any agreement between a state inmate and provider of services while an inmate is on bond are matters of state law. *See Board of County Com'rs of Butler County v. Little*, 305 P.3d 49, *3 (Kan.App. Aug. 16, 2013)(Table). Likewise, a claim under the KCPA, another state statute, is a state law cause of action.

Plaintiff asserts that this action "arises under" federal law. However, the only federal law he cites is 28 U.S.C. § 1391(b). Section 1391 is, as plaintiff indicates, a statute that governs venue. It is not a jurisdictional statute and does not confer jurisdiction on this court over plaintiff's state-law claims.[4] Nor does plaintiff allege facts to establish diversity jurisdiction or

---

[3] Plaintiff's bald reference to "due process" is not supported by any factual allegations. He does not allege that a particular element of process was due but denied in connection with the rent and maintenance charges. Nor does he allege that he has no post-deprivation remedy in state court for any charges that were illegal. He does not even allege that any agreement was breached under which he was provided shelter and maintenance in exchange for his payments.

[4] 28 U.S.C. § 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

any other jurisdictional basis for bringing his claims in federal court.

Mr. Hankins is given the opportunity to show cause why this action should not be dismissed for lack of jurisdiction and if not that, for failure to state a federal constitutional claim.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 8.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to show cause why this action should not be dismissed for lack of jurisdiction as well as failure to state a claim cognizable under § 1983.

**IT IS SO ORDERED.**

Dated this 24th day of April, 2014, at Topeka, Kansas.

    **s/Sam A. Crow**
    **U. S. Senior District Judge**